## YOUNG v STATE

Ohio Appeals, 5th Dist, Richland Co

Decided Jan 25, 1933

Culp & Rust, Mansfield, for plaintiff in error.

G. E. Kalbfleisch, Mansfield, for defendant in error.

GARVER, PJ.

Sec 12618, GC, was originally §26 of an act passed in 1908, found in 99 Ohio Laws, 543. §32 of said act was divided into three sections in 1910 (§§12626, **12627 and 12628,** GC), and the word "act" was changed to

"subdivision of this chapter." Said sections are as follows:

Sec 12626, GC. "A person taken into custody, because of the violation of any provision of this subdivision of this chapter, shall forthwith be taken before a magistrate or justice of the peace in a city, village or county, and be entitled to an immediate hearing. If such hearing cannot be had, he shall be released from custody on giving his personal undertaking to appear in answer for such violation at such time or place as shall then be indicated, secured by a deposit of a sum equal to the maximum fine for the offense with which he is charged; or, in lieu thereof, if he be the owner, by leaving the motor vehicle. If the person so taken is not the owner, he can leave the motor vehicle with a written consent given at the time by the owner, who must be present, with such judicial officer."

Sec 12627, GC. "If a judicial officer is not accessible, the accused under the next preceding section shall forthwith be released from custody by giving his name and address to the officer making the arrest and depositing with such officer a sum equal to the maximum fine for the offense for which such arrest is made or instead, if he is the owner, by leaving the motor vehicle. If the accused is not the owner, he can leave the motor vehicle with a written consent given at the time by the owner who must be present."

Sec 12628 GC. "The officer making the arrest as provided in §12626 GC, shall give a receipt in writing for such sum or vehicle deposited and notify such person to appear before the most accessible magistrate, naming him, specifying the date, place and hour. In case such undertaking with security or deposit shall not be made by an owner or other person taken into custody, the provisions of law in reference to bail in cases of misdemeanor shall apply."

Section 31 of said act of 1908, 99 Ohio Laws, 544, says that:

"Upon the conviction of any person for a violation of any of the provisions of this act, the magistrate or other judicial officer, before whom the proceedings are held shall immediately certify the facts of the case and the character of the punishment to the secretary of state."

This sentence does not now appear in the General Code. But nothing was said in said section about any conviction upon proceedings before a Common Pleas Court.

Neither do the words Common Pleas Court occur in the three sections above quoted.

Sec 12607-1 GC provides that when a person is found guilty of violating the speed laws, or the regulations concerning stopping and giving information upon the occurrence of an accident, or operating a motor vehicle while intoxicated, the court may in addition to other penalties prohibit such person from operating or driving his motor vehicle for a period not exceeding six months.

Sec 12607-2 GC provides that the defendant in such case may appeal to the Probate Court, and that court shall try the case in the same manner as is provided by law for the trial of such cases in the court from which the appeal was taken. These two sections were enacted in 1917 (107 Ohio Laws, 644), and were placed by the Attorney General in the same subdivision as said act of 1908.

Taking the five sections together they indicate an intention on the part of the General Assembly to confer upon magistrates or justices of the peace final jurisdiction to hear and dispose of complaints under the different sections of the subdivision in which they are found; but they are not sufficient to accomplish that purpose and do not confer such final jurisdiction. If some one is far from home when he is brought before a magistrate, as defined in §13422-1, GC, charged with a violation of this subdivision, he can, if he so desires, waive the right of trial by jury and submit to be tried by the magistrate, as provided in §13433-10, GC. He can then plead guilty and submit to the imposition of the penalty; or he may demand a hearing, and, if found not guilty, he may go on his way. If found guilty he can arrange with his attorney to look after error proceedings and then proceed upon his journey. Or, if when he is taken into custody and brought before the magistrate he does not desire to have a final hearing, he may plead not guilty and have a preliminary hearing, and, if the justice or magistrate binds him over to appear before the Common Pleas Court, there is no question that the Common Pleas Court will then have jurisdiction.

Defendant, when taken into custody by the sheriff in the instant case, after indictment by the grand jury, was entitled to an immediate hearing, provided the Common Pleas Court had original jurisdiction. If the only resident judge of the county had been engaged in a murder trial, or other trial which could not be finished for several days, could the defendant have had an

immediate hearing? In case he had been a traveler on his way to California, must he have waited until the Common Pleas Court found time to give him a hearing, or must he have returned at some future date to testify in his own defense? In either alternative, he would have been denied the immediate hearing.

Nowhere in §§12626, 12627 and 12628 GC is any mention made of any judicial officer except a magistrate or justice of the peace. If the General Assembly had intended the Common Pleas Court to have original jurisdiction, they would surely have provided in the final sentence of §12628 GC that the person arrested would be notified to appear before the most accessible magistrate or Court of Common Pleas, and, if the Court of Common Pleas is not mentioned, it certainly was not the intention of the General Assembly to give the Common Pleas Court original jurisdiction in the instant case.

In 1853 an act defining the jurisdiction and regulating the practices of Probate Courts was passed by the General Assembly. (51 Ohio Laws, 167). This act was construed in **Gates and Goodno v State, 3 Oh St, 293,** where the Supreme Court held a proceeding under the act could not be commenced in the Probate Court; that it must be commenced before a justice of the peace or mayor.

This decision was affirmed in three later decisions of the Supreme Court, and continued to be the law of the land until an amendment of the statute in 1856 (53 Ohio Laws, 137). See §13443, GC, as it existed prior to its repeal in 113 Ohio Laws, 123.

So, in construing §§12626, 12627 and 12628, GC, we hold that a proceeding under these statutes cannot be commenced in the Common Pleas Court, but must be commenced before a magistrate or justice of the peace.

Therefore, the judgment and conviction of the defendant in the court below is hereby reversed and the defendant discharged.

Judgment reversed.

SHERICK and LEMERT, JJ, concur.